## SHEPARD v. WHITNEY NAT. BANK OF NEW ORLEANS.

No. 16778.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1938.

Samuel J. Tennant, Jr., of New Orleans, for appellant.

St. Clair Adams & Son, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $15,000 as damages for physical injuries alleged to be due to a fall suffered by Harry L. Shepard, the plaintiff, while descending from the second to the ground floor of a building owned by the Whitney National Bank of New Orleans, the defendant, and leased to Mrs. Julia Ray, with whom plaintiff was lodging at the time. It is alleged that the plaintiff's fall was due to the absence of a handrail along the stairway which was flanked on each side by a solid wall thus rendering the stairway defective and unsafe to the actual or constructive knowledge of the owner of the building, a circumstance which it is claimed involves the owner with liability for damages for the accident, under the authority of article 2322 of the Civil Code and Ciaccio v. Carbajal, 145 La.

869, 83 So. 73. The defendant admitted the ownership of the building and its lease to Mrs. Julia Ray and the fact that plaintiff was living in the building on November 6, 1935, the day on which the accident is alleged to have occurred, and denied all other contentions of the plaintiff.

There was judgment below in defendant's favor dismissing plaintiff's suit, and he has appealed.

Without discussing the question of law invoked concerning the responsibility of a landlord for an accident resulting from the failure to provide a handrail as an adjunct to a stairway, we first turn our attention to the facts of the case as developed upon the witness stand, because there is a serious dispute as to the manner in which the accident occurred.

Shepard, testifying in his own behalf, declared that he was a seaman, having been employed as a cook on a ship for a number of years; that when in New Orleans he made his home with Mrs. Julia Ray; that his right hip had been fractured in Galveston, Tex., in an automobile accident in 1934, as a result of which he was obliged to walk with a cane, his right leg being shorter than his left; that at about 7 o'clock in the morning of November 6, 1935, while going down the stairway with his cane in his left hand and his right hand against the wall, his cane slipped and he endeavored to "catch something and there was nothing there to catch so I fell down"; and that he was taken to the Marine Hospital where it was discovered that he had fractured his left hip.

Mrs. Julia Ray, defendant's tenant, testifying on behalf of the plaintiff, stated that on the morning in question at about 8 o'clock she heard a noise, and upon investigating discovered plaintiff lying on the stairway, whereupon he was removed to his bed with the help of another roomer and later in the day removed in an ambulance to the Marine Hospital. Mrs. Ray's testimony is somewhat discredited by contradictory statements which she made with regard to the number of times she had seen Shepard since the accident.

There is an admission in the record that the twelve year old son of Mrs. Ray would, if present, testify substantially in corroboration of his mother.

When Shepard was cross-examined he was confronted with a statement written by an interne of the Marine Hospital and purporting to bear his signature, and was asked whether he had signed it. Strenuous objection was made to the introduction of the statement upon the ground that it was a privileged communication between doctor and patient, and upon the further ground that the statement formed part of the record of Shepard's treatment which had been obtained by defendant's counsel in response to a writ of subpoena duces tecum and the whole return should have been offered in evidence or no part of it used. The objections were overruled, whereupon the witness admitted his signature to the statement. It is now contended that the ruling of the court a qua was erroneous, and that the statement should be disregarded. We do not think so. There does not appear to be any reason why the records of the Marine Hospital, if relevant, should not be offered in evidence, particularly since no objection is raised by the institution itself. The records of the Charity Hospital, a local state institution, are frequently offered in evidence, and are, by virtue of Act No. 108 of 1936, regarded as prima facie proof. We are referred to no authority which sustains the contention of counsel to the effect that such records are privileged communications between doctor and patient. If other parts of the record which were not introduced by opposing counsel were considered as helpful to plaintiff's counsel, there was nothing to prevent their being offered. Moreover, the plaintiff admits his signature, and it is, therefore, his own account of the accident shortly after its occurrence. The statement reads as follows:

"Patient stepped off curb at Gov. Nicholls and Decatur and his cane slipped out from under him, and he fell down. Patient walked a half a block to his home and up two flights of stairs and laid down on the floor in a great deal of pain. He laid there several hours and finally was found and put to bed where he lay till the following day when he was taken to this hospital by ambulance. Accident occurred at 7:30 p. m. 11-5-35.

"[Signed.] Harry L. Shepard."

It is suggested that at the time the statement was signed Shepard was under the influence of opiates; but this we cannot credit. In the first place, his signature is firmly and very legibly written and, in the next place, we find it impossible to believe that the interne in the hospital would have taken a statement when the patient was under the influence of drugs.

Besides the interne had to obtain the facts from some one or invent them, since he was not present at the time of the accident, and what possible motive could he have had to obtain anything but a correct account of the accident? We cannot conceive of any one being injured in the manner claimed in plaintiff's petition making a statement describing the accident as having occurred at another time and place and under different circumstances. In plaintiff's petition and in his testimony the day and time of the accident is given as 7 a. m. November 6, 1935, whereas in the statement given at the hospital the accident is said to have occurred at 7:30 p. m. November 5, 1935. It is possible that Mrs. Ray and her twelve year old son heard a noise and saw plaintiff lying on the stairway as she testified, but that fact alone is insufficient to prove that he was injured as a result of a fall due to the absence of a handrail on the stairway, when it is considered that Shepard, just after the accident, declared that he received his injury the day before as a result of a fall in the street a half block away from Mrs. Ray's home.

There is another circumstance which unfavorably affects plaintiff's claim if it be not entirely discredited by his testimony. The accident which forms the basis of his demand is alleged to have occurred on November 6, 1935. The defendant was not advised that there had been any accident, and no claim of any kind was made until the suit was filed on November 5, 1936, just one day before prescription would have barred the action. While it is true that a litigant is under no legal obligation to inform one against whom he proposes to bring an action of his intention to do so and may, with legal propriety, prosecute such action if filed within the prescriptive period without notice and without having made amicable demand, nevertheless, in the absence of an explanation of his silence consistent with a sincere intention to prosecute his claim, and inconsistent with an intention to derive an unfair advantage, the claim, when legally presented, must encounter judicial suspicion. This is particularly true in a case like the present, where the defendant was without any knowledge of any act of omission or commission on its part which could form the basis of plaintiff's demand.

We conclude that the facts upon which plaintiff relies have not been established, and that, consequently, there can be no recovery.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.