Hart, J.
 

 The Court of Appeals found that the trial court erred in admitting that part of the hospital record relating to the manner in which the accident to plaintiff happened.
 

 Section 12102-23, General Code, a part of the Ohio Uniform Business Records as Evidence Act, is as follows:
 

 “A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.”
 

 Under this statute, the admissibility of records as evidence is limited by several specific conditions. As applied to hospital records, the key requirement is that the record must be made in the regular course of the business of the hospital and for the purpose which the record is intended to serve. . This court has held,, under this statute, that hospital records are admissible in evidence, subject to the requirements and conditions of the statute, so far as such records are of observable facts or events incident to the treatment of the patient and so far as such records are helpful to an under
 
 *444
 
 standing of the medical or surgical aspects of his hospitalization.
 
 Weis
 
 v.
 
 Weis,
 
 147 Ohio St., 416, 72 N. E. (2d), 245. And this court has held also that a dispensary entry which contained information based on hearsay and describing the manner in which the patient suffered his injury was not admissible.
 
 Schmitt
 
 v.
 
 Doehler Die Casting Co.,
 
 143 Ohio St., 421, 55 N. E. (2d), 644. So, in the instant case, it was the business •of the hospital to diagnose plaintiff’s condition and to treat her for her ailments, not to record a statement ■describing the cause of the accident in which plaintiff’s injuries were sustained.
 

 It JLs a generally recognized rule that a hospital record of events or narrations, such as those pertaining to the occasion of the patient’s resort to the hospital and having no reference to the medical or surgical treatment in the hospital, is not admissible in evidence.
 
 Weis
 
 v.
 
 Weis, supra; Palmer et al., Trustees,
 
 v.
 
 Hoffman, Admr.,
 
 318 U. S., 109, 87 L. Ed., 645, 63 S. Ct., 477, 144 A. L. R., 719;
 
 Sadjak
 
 v.
 
 Parker-Wolverine Co.,
 
 281 Mich., 84, 274 N. W., 719. In the instant •case that part of the hospital record entry, “how happened: Fell off streetcar, caught heel,” was improperly admitted by the trial court.
 

 The defendant claims also that the hospital record was properly admitted on the ground that it is evidence of a statement of the plaintiff against interest. The rule, now crystallized into statute, making admissible shopbooks and business-record entries made in the regular course of business, is an exception to the hearsay rule, one of the clearly recognized evidence-exclusion rules. And, where a book entry is not of such character as to give it the status of a business ■entry, admissible in evidence under an exception to the hearsay rule, such.book entry is relegated to the status ■of hearsay and inadmissible under the hearsay rule.
 

 
 *445
 
 Stripped of the shopbook or business-record quality, the entry in the hospital record as to the manner in which plaintiff was injured renders the record a mere piece of paper, inadmissible in evidence unless made competent by proper evidence. There was no evidence that the statement in this record entry was signed by the plaintiff. The truth of its statement is not admitted by the plaintiff. In these respects, the facts in the instant case are the reverse of those in the -case of
 
 Shepard
 
 v.
 
 Whitney National Bank of New Orleans
 
 (Louisiana Court of Appeal), 177 So., 825, cited by counsel for the defendant. In the instant case no witness was called to testify that plaintiff made the statement contained in the record to him or to another in the presence of the witness at a certain time or place and under certain circumstances as would be required do prove a statement against interest. The burden of making the evidence offered competent was on the party relying upon it. In the opinion of the court, the record was not admissible as competent evidence of a statement against interest.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Turner, Matthias and Zimmerman, JJ., concur. •
 

 Weygandt, C. J., Sohngen and Stewart, JJ., concur in the syllabus but dissent from the judgment.