DESSI WILLIAMS, Appellant, *v.* MERVIN K. ALEXANDER, Respondent.

Argued June 7, 1955; decided October 13, 1955.

*Bernard Meyerson, Albert Martin Cohen* and *Louis I. Rothenberg* for appellant. The trial court erred in allowing the history of the accident that was in the hospital record to be marked in evidence in spite of counsel's objection that the history was entirely hearsay. (*People* v. *Kohlmeyer,* 284 N. Y. 366; *Meiselman* v. *Crown Heights Hosp.,* 285 N. Y. 389; *Wolf* v. *Kaufmann,* 227 App. Div. 281; *Del Re* v. *City of New York,* 180 Misc. 525; *Roberto* v. *Nielson,* 262 App. Div. 1035, 288 N. Y. 581; *Constantinides* v. *Manhattan Tr. Co.,* 264 App. Div. 147; *Matter of Bourne,* 181 Misc. 238, 267 App. Div. 876, 293 N. Y. 785; *Johnson* v. *Lutz,* 253 N. Y. 124; *Matter of Fischer,* 154 Misc. 74, 243 App. Div. 685; *Dougherty* v. *City of New York,* 267 App. Div. 828, 295 N. Y. 786; *Doyle* v. *City of New York,* 281 App. Div. 821.)

*John D. Kelly* and *Joseph F. O'Brien* for respondent. The hospital records were properly admitted. (*People* v. *Kohlmeyer,* 284 N. Y. 366; *Johnson* v. *Lutz,* 253 N. Y. 124; *Geroeami* v. *Fancy Fruit & Produce Corp.,* 249 App. Div. 221; *Dougherty* v. *City of New York,* 267 App. Div. 828, 295 N. Y. 786; *Del Re* v.

*City of New York,* 180 Misc. 525; *Matter of Bourne,* 181 Misc. 238, 267 App. Div. 876; *Roberto* v. *Nielson,* 262 App. Div. 1035; *Erickson* v. *Commercial Cas. Ins. Co.,* 265 App. Div. 327; *Cerniglia* v. *City of New York,* 182 Misc. 441.)

FULD, J. Dessi Williams was struck by defendant's automobile as he was crossing a street in Brooklyn, with the traffic light in his favor. His right leg fractured, he was taken to Kings County Hospital for treatment. At the trial, the testimony of the parties as to the manner in which the accident occurred was sharply discrepant. According to plaintiff, defendant's automobile approached the intersection, at which he was crossing, without diminishing speed and ran into him. Defendant, on the other hand, insisting that he had brought his car to a complete stop at the light, maintained that another vehicle had struck it from the rear and propelled it forward and upon plaintiff.

In the early stages of the trial, plaintiff introduced so much of the Kings County Hospital record as bore upon his injuries and their treatment. Counsel for defendant thereupon offered the balance of the record and it was received in evidence over plaintiff's objection. Specifically challenged by plaintiff as inadmissible hearsay was an entry to the effect that he had stated to a physician at the hospital that " he was crossing the street and an automobile ran into another automobile that was at a standstill, causing this car (standstill) to run into him ". Plaintiff denied making any such statement, and the doctor who recorded it was not called as a witness.

Upon this appeal — following a verdict in defendant's favor and an affirmance by a divided Appellate Division — we are called upon to decide whether the statement attributed to plaintiff, relating the manner in which the accident occurred, was properly admitted in evidence as a memorandum or record made " in the regular course of * * * business ". (Civ. Prac. Act, § 374-a.)[1] While there are many out-of-state deci-

1. Although the doctor who made the entry would have been competent to testify to plaintiff's alleged admission against interest, the entry itself was, nevertheless, excludable as hearsay, unless within the compass of section 374-a of the Civil Practice Act (see, e.g., *Green* v. *City of Cleveland,* 150 Ohio St. 441, 444–445; Richardson on Evidence [8th ed., 1955], § 233, p. 211); and the issue was sufficiently raised by the objection predicated on the hearsay rule.

sions on the point, we have never had occasion to consider it; neither in *Roberto* v. *Nielson* (288 N. Y. 581), nor in *Dougherty* v. *City of New York* (295 N. Y. 786) — upon which reliance is placed to sustain the trial judge's ruling — nor in any other case was it necessary for this court to pass upon the question now posed.

Section 374-a of the Civil Practice Act permits the introduction in evidence of "Any writing or record * * * made as a memorandum or record of any act, transaction, occurrence or event," despite its hearsay character, "if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter." The term "business" is broadly defined as including "business, profession, occupation and calling of every kind", and among the records within the section's ambit are those that a hospital keeps in diagnosing and treating the ills of its patients. (See *Meiselman* v. *Crown Heights Hosp.*, 285 N. Y. 389; *People* v. *Kohlmeyer*, 284 N. Y. 366.)

The statute, similar to those in effect in most jurisdictions, is designed to harmonize the rules of evidence with modern business practice and give "evidential credit" to the memoranda or other writings upon which reliance is placed in the systematic conduct of business undertakings. (See *Johnson* v. *Lutz*, 253 N. Y. 124, 127.) It rests upon the probability of trustworthiness which inheres in such records, by virtue of the fact, first, that they are the "routine reflections of the day to day operations of a business" (*Palmer* v. *Hoffman*, 318 U. S. 109, 114) and, second, that it is the entrant's own obligation, and to his interest, to have them truthful and accurate, made and kept as they are with the knowledge, indeed, for the purpose, that they will be relied upon in the conduct of the enterprise. (See *Johnson* v. *Lutz, supra,* 253 N. Y. 124, 128; *Weis* v. *Weis,* 147 Ohio St. 416, 425; see, also, 5 Wigmore on Evidence [3d ed., 1940], § 1522, p. 369; McCormick on Evidence [1954], § 281, pp. 596–597.) It is this element of trustworthiness, serving in place of the safeguards ordinarily afforded by confrontation and cross-examination, which justifies admission of the writing or record without the necessity of calling all the persons who may have

had a hand in preparing it. And it was to assure such accuracy and reliability that the legislature made explicit the condition that the memorandum may be received in evidence — and this is the heart of the provision — only if it was "made in the regular course of [the] business, and  *  *  *  it was the regular course of such business to make such memorandum ".

As the statute makes plain, and we do no more than paraphrase it, entries in a hospital record may not qualify for admission in evidence unless made in the regular course of the " business " of the hospital, and for the purpose of assisting it in carrying on that " business." The business of a hospital, it is self-evident, is to diagnose and treat its patients' ailments. Consequently, the only memoranda that may be regarded as within the section's compass are those reflecting acts, occurrences or events that relate to diagnosis, prognosis or treatment or are otherwise " helpful to an understanding of the medical or surgical aspects of  *  *  *  [the particular patient's] hospitalization." (E.g., *Green* v. *City of Cleveland,* 150 Ohio St. 441, 443–444; *Commonwealth* v. *Harris,* 351 Pa. 325, 330–331; see, also, *Borucki* v. *MacKenzie Bros. Co.,* 125 Conn. 92, 102–103; McCormick, *op. cit.,* § 290, p. 611.)

It follows from this that a memorandum made in a hospital record of acts or occurrences leading to the patient's hospitalization — such as a narration of the accident causing the injury — not germane to diagnosis or treatment, is not admissible under section 374-a, and so it has been almost universally held under the identical or similar statutes of other jurisdictions. (See, e.g., *Scott* v. *Gibbons Co.,* 192 Md. 319, 330; *Sadjak* v. *Parker-Wolverine Co.,* 281 Mich. 84, 87–88; *Valenti* v. *Mayer,* 301 Mich. 551, 557; *Green* v. *City of Cleveland, supra,* 150 Ohio St. 441, 443–444; *Weis* v. *Weis, supra,* 147 Ohio St. 416, 425; *Commonwealth* v. *Harris, supra,* 351 Pa. 325, 330–331; see, also, *Borucki* v. *MacKenzie Bros. Co., supra,* 125 Conn. 92, 102–103; *Watts* v. *Delaware Coach Co.,* 44 Del. 283; *Brown* v. *St. Paul City Ry. Co.,* 241 Minn. 15, 23–27; Richardson on Evidence [8th ed., 1955], § 233, pp. 209–210, 211–212; McCormick, *op. cit.,* § 290, p. 611; Medina, Current Developments in Pleading, Practice and Procedure in the New York Courts, 30 Corn. L. Q. 449, 454–458.) In the words of the Ohio court in *Green* v. *City of Cleveland* (*supra,* 150 Ohio St. 441,

444), typical of those found in the other cases, "it was the business of the hospital to diagnose plaintiff's condition and to treat her for her ailments, not to record a statement describing the cause of the accident in which plaintiff's injuries were sustained."

In some instances, perhaps, the patient's explanation as to how he was hurt may be helpful to an understanding of the medical aspects of his case; it might, for instance, assist the doctors if they were to know that the injured man had been struck by *an* automobile. (See *Scott* v. *Gibbons Co., supra,* 192 Md. 319, 330; cf. *Roberto* v. *Nielson, supra,* 288 N. Y. 581; *Watts* v. *Delaware Coach Co., supra,* 44 Del. 283.) However, whether the patient was hit by car A or car B, by car A under its own power or propelled forward by car B, or whether the injuries were caused by the negligence of the defendant or of another, cannot possibly bear on diagnosis or aid in determining treatment. That being so, entries of this sort, purporting to give particulars of the accident, which serve no medical purpose, may not be regarded as having been made in the regular course of the hospital's business. (See *Scott* v. *Gibbons Co., supra,* 192 Md. 319, 330.) Indeed, in discussing the matter, Wigmore observed that the essential "Guarantee of Trustworthiness" rests upon the fact that "the physicians and nurses * * * themselves rely upon the record" and that the record is designed to be "relied upon in affairs of life and death." (6 Wigmore, *op. cit.,* § 1707, p. 36; see *Loper* v. *Morrison,* 23 Cal. 2d 600, 608.) Such reasoning, however, will not support the use, or justify the receipt, of a statement detailing the circumstances of the accident where they are immaterial to, and were never intended to be relied upon in, the treatment of the patient. There is no need in that case for the physician to exercise care in obtaining and recording the information or to question the version, whatever it might be, that is given to him. The particulars may be a natural subject of the doctor's curiosity, but neither the inquiry nor the response properly belongs in a record designed to reflect the regular course of the hospital's business. (See, e.g., *Commonwealth* v. *Harris, supra,* 351 Pa. 325, 331.)

In conclusion, then, that portion of the hospital record containing the statement assertedly made by plaintiff as to the

manner in which the accident happened was erroneously admitted, and, since we cannot say that it did not influence the jury in arriving at its verdict for defendant, there must be a new trial.

The judgment of the Appellate Division and that of Trial Term should be reversed and a new trial granted, with costs to abide the event.

DESMOND, J. (dissenting). I see no error here, and no reason for retrying this simple question of fact.

Plaintiff, for his own convenience, chose to prove his injuries and the hospital treatment he received therefor, by putting a hospital record in evidence and without calling as a witness the physician who made the entries. In so doing, he of course vouched for the accuracy and regularity of that record. Defendant made no objection but in his turn offered in evidence so much of the same hospital record as showed a statement to the hospital physician by plaintiff that the accident had occurred in a manner quite different from that testified to at the trial by plaintiff. Plaintiff objected to any such "history" going into evidence. His alleged ground of objection was stated in the one word: "hearsay". That of course was meaningless in this context. An undoubted exception to the "hearsay" rule makes admissible extrajudicial declarations against interest (*Reed* v. *McCord,* 160 N. Y. 330, 341). Plaintiff's declaration to the hospital physician as to the way the accident happened was directly probative evidence of a main fact in issue (*Gangi* v. *Fradus,* 227 N. Y. 452). It is, of course, conceivable (but unlikely) that by plaintiff's use of the word "hearsay" he referred to the failure of defendant to call as a witness the physician who had written up the notes. But plaintiff himself had put into evidence the (helpful to him) parts of that identical paper without calling the physician. Surely, plaintiff could not then demand that the other party prove the authenticity of the very record plaintiff had himself presented to the court. Since plaintiff had been allowed to prove by the record alone the diagnosis and treatment of his injuries, it would be absurd to forbid defendant using the same record, written in the same handwriting by the same physician at the same time, to prove an equally relevant, competent and material fact, that is, that

plaintiff had stated to the physician that his injuries were caused in the manner asserted by defendant.

It follows from the above that section 374-a of the Civil Practice Act, our statutory rule as to admissibility of records made in the regular course of a business, has little or nothing to do with this case. What we have here is an admission against interest, proved not by the oral testimony of the person to whom it was made but by an authentic document already vouched for to the court by the opposing party himself.

But let us suppose that this is a section 374-a case. " Hospital records concededly are included within the records to which section 374-a of the Civil Practice Act is applicable " (*People* v. *Kohlmeyer,* 284 N. Y. 366, 369, 370). The physician who made the entries need not be called as a witness (*Meiselman* v. *Crown Heights Hosp.,* 285 N. Y. 389, 396, 397). True, as Judge FULD points out, this court has not yet directly decided whether the section 374-a makes admissible that part of a hospital record which gives the history of the injury. But why should this court not adopt a practical and useful construction, rather than a narrow and unnecessarily restrictive one? And the statute itself seems to furnish the answer: " Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial court shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter." There is no reason why the " history " part of a hospital record, obtained not from unidentified persons but from the patient himself, should not be used in evidence against the patient. Of course, the writing must have been made in the regular course of the hospital's business and it must have been the regular course of the business of the hospital to make such entries. But in this case plaintiff did not object because of any failure to prove those requirements (see *Meiselman* v. *Crown Heights Hosp.,* 285 N. Y. 389, 397, *supra*). Indeed, he could not, after himself bringing the record to court, reasonably urge that it was not the regularly made record of this hospital. And

he knew, as we all do, that an examining physician, especially in a hospital receiving department, always inquires as to the cause of a trauma. Certainly, in the absence of any suspicious circumstance, it is not up to the courts to decide just how thoroughly a qualified physician may delve into the cause or occasion of the injuries he is diagnosing and treating. Anyhow, all this is by the statute's own words committed to the trial judge's discretion. It is he who is charged with passing on the question of whether the entry was regularly made. Here, no one suggested that it was not so made or called for proof that it was. The trial justice, therefore, had no reason for excluding it, particularly since there was no suggestion that the physician or the hospital had any interest in the case or any possible reason for falsifying these records.

This was a routine trial of a simple issue of fact. Plaintiff said the accident happened one way, defendant said that it happened another way. A hospital book brought to court by plaintiff showed that he himself had described the occurrence in the way that defendant described it. Plaintiff denied that he had made such a statement at the hospital. The jury settled that dispute. It is most unfortunate, especially in these days of congested calendars, that such a case must now be retried.

The judgment should be affirmed, with costs.

CONWAY, Ch. J., FROESSEL and VAN VOORHIS, JJ., concur with FULD, J.; DESMOND, J., dissents in an opinion in which DYE and BURKE, JJ., concur.

Judgments reversed, etc.