PARKS, APPELLEE, *v.* RINGER, D. B. A. RINGER PARTY SUPPLY, APPELLANT.

284

(No. 584—Decided January 21, 1958.)

*Messrs. Schlafman & Elliott,* for appellee.
*Messrs. Miller & Finney, Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. William H. Selva,* for appellant.

CRAWFORD, J. This is an appeal on questions of law from a judgment for the plaintiff, appellee herein, in the Common Pleas Court for $25,703.38 damages for injuries suffered in a fight in defendant's tavern in Xenia, Ohio, on November 27, 1954. The basis of the action is negligence of the defendant, appellant herein, in failing to prevent the injuries.

The errors assigned are set forth in three groups.

In the first group, defendant complains of the overruling of his motions for directed verdict and for judgment notwithstanding the verdict. The evidence is such as to have justified and required the submission of the case to the jury, and we have discovered no basis for finding that defendant was entitled to a judgment as a matter of law.

In the second group, defendant makes four complaints.

A. The first complaint is that the court admitted testimony over the objection of defendant as to the earnings of plaintiff, even though there is no allegation of such fact or of special damages for loss of earnings.

Such loss is an item of special damage which, according to the settled authority in Ohio, must be specially alleged. 16 Ohio Jurisprudence (2d), 295, Damages, Section 162. Two cases are cited as being to the contrary. In the case of *City of Alliance* v. *Campbell,* 17 C. C., 595, 6 C. D., 762, decided in 1895 and affirmed without written opinion in 53 Ohio St., 650, 44 N. E., 1132, the point was somewhat incidental, and, although that plaintiff was permitted to testify as to her profession and salary, the court sought to justify the testimony as amounting merely to the general practice of showing "who the plaintiff is and what his business is." The case has never been held to establish

a rule contrary to that stated above. In the case of *Coppock* v. *Horine*, 32 Ohio Law Abs., 109, the benefit of the rule was held to be waived under the particular circumstances of the trial.

In the present case, the trial court apparently decided that the admission of this testimony was erroneous and subsequently instructed the jury: "* * * the court permitted certain testimony relative to the impairment of the earning capacity of the plaintiff to be received in evidence this morning. I now say to you that you are to disregard such testimony and to cast such testimony from your minds."

It is insisted that the court should have instructed the jury to disregard the testimony as to "lost earnings." However, the expression used by the court was sufficient to identify the testimony referred to, and the general charge omitted any reference to loss of earnings as an element of damage.

It would seem therefore that this error was effectively cured.

B. Plaintiff was permitted to introduce the testimony of the clerk of the Xenia Municipal Court as to the conviction of plaintiff's assailant, Charles Shaw, upon a plea of guilty to a charge of assault based upon the incident in defendant's tavern and to which plaintiff attributes his injuries.

Shaw was cross-examined as to this plea and conviction and also as to his other arrests and convictions on similar charges.

The scope of this evidence and cross-examination exceeds the limits generally and properly imposed. But we are not convinced that any such error with respect to this witness, who was not a party, was prejudicial in the circumstances of this case. Defendant's answer admits that Shaw and plaintiff engaged in a fight in defendant's place of business, and he admitted in his testimony that the two were "half-drunk."

Part of the cross-examination was permissible for the purpose of attacking credibility. Such of the cross-examination and other evidence here under consideration as exceeded the customary bounds did little more than confirm the obvious and admitted fact that Shaw was capable and guilty of the conduct charged against him.

C. Included in hospital records, but excluded as an exhibit,

is an accident report signed by the attending physician and a nurse and containing the words, "State where and how accident occurred. Ringer's Tavern—drunken brawl."

That statement is hearsay, and the report was properly excluded. *Green* v. *City of Cleveland,* 150 Ohio St., 441, 83 N. E. (2d), 63.

However, the court permitted the statement to be read by the hospital medical-record librarian while she was testifying as a witness. The statement was equally objectionable in oral form, and it was error to permit it to be read in evidence.

Plaintiff argues that this was not prejudicial inasmuch as defendant admits in his answer that at the time and place alleged plaintiff was injured as a result of being involved in a fight with Charles Shaw. Defendant testified at the trial that plaintiff and Shaw were "half-drunk," and that the fight consisted of two successive episodes separated by a quiet interval.

There may be a nice distinction between a "drunken brawl" and the fight which defendant described. But as laymen, disclaiming any expert knowledge of the subject, we are unable to perceive any substantial difference in these descriptions of the melee. It is improbable, therefore, that defendant could have been prejudiced by use of this term.

D. The next complaint is that defendant was prejudiced by the admission of testimony of Dr. Paul F. McQuiggan regarding an opinion he had expressed at a prior time by letter as to the extent of plaintiff's disability.

A careful examination of his testimony indicates the probability that he was giving his then present opinion as to plaintiff's disability as it existed on a certain date.

In any event, the cases cited do not hold that in the ordinary situation the testimony of such a witness as to an opinion previously expressed is actually inadmissible as such. In the case of *Scaglioni* v. *Oriti,* 83 Ohio App., 351, 83 N. E. (2d), 657, there was apparently no objection to testimony of plaintiff's physician's opinion nearly seven years before, but the plaintiff failed for lack of evidence of a present opinion. In the case of *Hubach* v. *Cole,* 133 Ohio St., 137, 12 N. E. (2d), 283, the court held merely that plaintiff's counsel, who apparently knew that his two medical witnesses had changed their minds, could not

impeach them by redirect examination as to their prior opinions.

There is no suggestion here that the physician had changed his opinion, and he was available for cross-examination on that subject.

The third group of errors pertains to failure of the court to charge on contributory negligence and to the giving of plaintiff's special charge No. 7.

A. At the conclusion of the general charge, defendant requested the court to charge on contributory negligence. The request was denied. In assigning the denial as error, defendant cites testimony of Shaw that plaintiff started the fight.

The issue of contributory negligence was not injected into the case either by the pleadings or during the course of the trial. The answer alleges that plaintiff assumed the risk in picking a fight with Shaw, who was a younger and stronger man. And defendant's evidence of plaintiff's conduct was obviously adduced in support of this allegation.

At the close of the evidence and before argument, the court gave special instruction No. 6, requested by defendant. That charge reads:

"If you find that the plaintiff was guilty of any conduct which contributed in any degree as a proximate cause of the fight referred to in plaintiff's second amended petition then your verdict must be for defendant."

This special instruction No. 6 comes very close to stating the principle of contributory negligence. But if it falls short of actually doing so, then no request was made before argument for a special instruction on contributory negligence. Although such a request was not necessary to save the question on appeal, still the failure to make it confirms our observation that the cause was tried on other theories. After the trial is concluded, defendant cannot introduce a new element into the case.

B. Plaintiff's special charge No. 7 reads:

"The court instructs you as a matter of law that a proprietor of any public house of entertainment is answerable for the act of a patron for the failure to exercise ordinary care in preventing injury to a patron."

It is contended that this charge should have corresponded more closely with the language of the second paragraph of the

288

syllabus in *Thornton* v. *Goldfarb*, 67 Ohio Law Abs., 232, 119 N. E. (2d), 446, wherein it is stated that such proprietor "may be" answerable for such unlawful acts where he fails to exercise or-dinary care in "attempting" to prevent such acts.

The latter language may be more acceptable to defendant, and may even be preferable, but we cannot say that the language employed is actually incorrect.

As no error prejudicial to defendant appears in the case, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.