Desmond, J. (dissenting).
Under section 374-a of the Civil Practice Act the two excerpts from the State hospital records were admissible in evidence. They were ‘ ‘ made in the regular course of business ”, it was “ the regular course of such business to make such memorandum ” (Williams v. Alexander, 309 N. Y. 283, 287) and their “ trustworthiness ” was conceded by the State itself on the trial, as we shall show. That hospital records qualify as business records within this ‘ ‘ Uniform Business Records Act ” is settled (Williams v. Alexander, 309 N. Y. 283, 286, supra, and cases cited). Particularly is this true (see Hempton v. State, 111 Wis. 127, 133) when, as here (see Mental Hygiene Law, § 34, subd. 7), the hospital is required by law to keep such records. Even if there were no section 34, how could it be doubted that it was the “ business ” and prime duty of this hospital’s staff to investigate assaults by one patient on another? Surely this is not, like Commonwealth v. Harris (351 Pa. 325, 330, 331), a case of “ gratuitous reporting ” where it was “ none of the physician’s professional business who shot the patient ”.
The records we excluded in People v. Samuels (302 N. Y. 163) were of quite a different character, purpose and origin (see 302 N. Y. 171).
*700 Johnson v. Lutz (253 N. Y. 124), the first case in which section 374-a was considered by this court, is authority here for admissibility. In Johnson a policeman had recorded “ hearsay statements of third persons who happened to be present at the scene of the accident when he arrived ’ It did not appear whether those informants “ saw the accident and stated to him what they knew, or stated what some other persons had told them ” (Johnson v. Lutz, supra, pp. 127-128). In our case the hospital employee recorded statements made to her by Helen Lantz, the patient who had assaulted Mary McGrath, for whose injuries this claim is made. Both Mrs. Lantz and Mrs. McGrath died before the first trial, so testimony from neither was available.
The “ trustworthiness ” (see Williams v. Alexander, 309 N. Y. 283, 286, 287, supra) of these particular entries was conclusively established — indeed, admitted — by defendant State itself on the trial. In his opening statement, the assistant attorney-general informed the court that “ Helen Lantz tried to push Mary McGrath out of the room ’ ’ and that ‘ ‘ During that pushing she fell and because of her age and deteriorated condition the fall resulted in a broken hip ”. “ The State’s witness ”, announced the State’s trial attorney, “ will bear out this statement ”. Elsewhere in the record, the same assistant attorney-general stipulated for the record that a Dr. Groom of the State hospital staff “had stated that patient, Helen Lantz, appeared to be a reliable person ”. Thus, the statutorily presumed trustworthiness of these business records relied on by the hospital in the conduct of its business was expressly established and conceded.
The judgments entered on the Appellate Division’s order should be reversed and the judgments of the Court of Claims reinstated, with costs in this court and in the Appellate Division.
Chief Judge Conway and Judges Froessel and Van Voorhis concur with Judge Dye; Judge Desmond dissents in an opinion in which Judges Fuld and Burke concur.
In each action: Judgment affirmed.