■ HOWARD BROWNE et al., Respondents, v. JOSEPH ADAMS, Respondent, and ALMA WILLIAMS, Appellant. (Action No. 1.) ALMA L. WILLIAMS, Appellant, et al., Plaintiff, v. JOSEPH ADAMS, Respondent. (Action No. 2.) — In consolidated negligence actions to recover damages for personal injury, Alma Lee Williams (as a defendant in Action No. 1 and as a plaintiff in Action No. 2) appeals from a judgment of the Supreme Court, Queens County, entered May 2, 1961 after trial upon a jury's verdict in favor of plaintiffs Browne and Parrish against her (in Action No. 1) and in favor of the defendant Adams against her (in Action No. 2). Judgment affirmed, without costs. No opinion. Ughetta, Kleinfeld, Brennan and Hill, JJ., concur; Beldock, P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: In my opinion, the admission in evidence of the Mary Immaculate Hospital record of August 27, 1956 (a year after the accident), which in its history section, referred to epilepsy, was error; and the constant reference thereafter by Adams' counsel to the record of epilepsy was prejudicial. The appellant (Williams) repeatedly denied that she had ever told the admitting physician that she had epilepsy. The physician who made the entry was not called to say that *she* had made any such statement; and the hospital record discloses no entry to the effect that she had furnished any such information. The record, therefore, could not be admitted as an admission by her. Moreover, any history or entry as to epilepsy was certainly not germane to the diagnosis or treatment with respect to the dislocation of this woman's (appellant's) shoulder — the only injury or ailment for which she was then being admitted to the hospital. Therefore, that portion of the hospital record referring to the epilepsy was not admissible in evidence as an entry made in the regular course of business (*Williams* v. *Alexander*, 309 N. Y. 283).