ARLENE-NORMAN, INC., Respondent, *v.* COMMONWEALTH INSURANCE COMPANY OF NEW YORK et al., Appellants.

First Department, May 10, 1966.

*Max J. Gwertzman* for appellants.

*Louis Strassberg* of counsel (*Lawrence I. Gerber* and *H. John Gluskin*, attorneys), for respondent.

*Per Curiam.* In this action against two insurance companies on policies of fire insurance issued to plaintiff, the defendants appeal from a judgment against them entered upon the verdict of a jury.

Plaintiff manufactures and sells ladies' coats and suits. In 1962 it maintained a showroom and stockroom in leased space on the 26th floor of a Seventh Avenue loft building. On August 2 of that year, when, according to plaintiff, there were approximately 2,200 garments on its premises, a fire occurred on the first floor of the building. Plaintiff claimed that all of the garments had suffered smoke damage and filed proofs of loss with defendants. They refused reimbursement, and this action followed.

Defendants have raised issues of fraud. They contend that no smoke at all entered plaintiff's premises and, if it did, that the damage was knowingly misrepresented in the sworn proofs of loss. The sharp conflict of the parties' witnesses on these issues was in our opinion properly left to the jury for resolution. For other reasons, however, we find it necessary to order a new trial.

The proofs of loss admitted in evidence included an inventory setting forth the quantities, and the cost or selling price, of the various styles of goods alleged to have been in the premises at the time of the fire. This inventory, on which plaintiff relied

to identify the damaged garments and establish their value, was not prepared by any of plaintiff's employees. The testimony adduced to authenticate it came from one Stephen I. Dietz, a licensed public adjuster whom plaintiff had retained to advise and assist in the preparation and adjustment of its claim for a fee of 10% of the amount collected. Dietz gave testimony of a general sort regarding smoke discoloration and the sources of the dollar figures in the inventory; but cross-examination established clearly that he himself had not examined and listed the garments or consulted plaintiff's records of cost or selling price. That was done, he testified, by one of his '' inventory men '', who prepared the inventory and then gave it to him. The inventory man was not called.

While defendants concede that the proofs of loss were admissible for the limited purpose of showing compliance with policy requirements, they point out that such proofs '' are not competent independent evidence as to the amount of the loss or the value of the property '' (46 C. J. S., Insurance, § 1340, subd. b; 5 Appleman, Insurance Law and Practice, § 3582; *Ellis* v. *Albany City Fire Ins. Co.*, 50 N. Y. 402, 409), and they contend, as they did at the trial, that the inventory was not proven in any competent manner. The point seems well taken. Plaintiff's argument based on CPLR 4518 (subd. [a]) — that the inventory was a record made in the regular course of Dietz' business as an adjuster and that it was the regular course of his business to make the inventory — appears inconsistent with the reasoning of *Palmer* v. *Hoffman* (318 U. S. 109) and *Williams* v. *Alexander* (309 N. Y. 283). See, also, Richardson, Evidence [9th ed.], § 234, p. 229.)

We find, additionally, inadequate evidence in support of plaintiff's figure of receipts from the sale of damaged merchandise. Further, the amounts awarded by the jury appear to represent a compromise neither reconcilable with the evidence nor authorized by the charge.

The judgment should be reversed, on the law and on the facts, and a new trial ordered, with costs.

BOTEIN, P. J., BREITEL, MCNALLY and EAGER, JJ., concur.

Judgment unanimously reversed on the law and on the facts, and a new trial ordered, with $50 costs to the appellants.