ELEANOR PEKAR, as Administratrix of the Estate of EDWARD PEKAR, Deceased, Appellant, v. HERMAN TAX, Respondent.— In an action to recover damages for personal injuries sustained by the original plaintiff (now deceased), allegedly because of malpractice of a podiatrist, the appeal is from a judgment of the Supreme Court, Queens County, entered May 4, 1971, in favor of defendant, upon a directed verdict upon a jury trial on the issue of liability only. Upon the stipulation of the parties, the decedent's administratrix is hereby substituted as plaintiff in place of the decedent and the title of the action is amended accordingly. Judgment reversed, on the law, with costs, and new trial granted, with costs to abide the event. In directing a verdict for defendant, the trial court stated that "the weight of the evidence clearly preponderates in favor of the defendant" and that "if the jury * * * would find a verdict in favor of the plaintiff * * * I would clearly have to set that verdict aside as not being supported by the evidence." This is not the proper standard to be applied. A trial court should direct a verdict only when the jury could not reach the other result "by any rational process" (*Holmberg* v. *Donohue*, 24 A D 2d 569, 570). Also, we believe that the diagnosis as contained in the hospital record should have been admitted into evidence (*Williams* v. *Alexander*, 309 N. Y. 283, 287; *People* v. *Kohlmeyer*, 284 N. Y. 366). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.