■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL KAIGLER, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction for burglary in the second degree and criminal mischief in the

fourth degree, defendant's primary contention is that the identification by the victim at trial should have been excluded because it was tainted by an impermissibly suggestive showup and lacked a sufficient independent basis. We disagree.

The identification was reliable because it was unprompted, swift and certain and because the showup occurred shortly after the commission of the crime when the victim's memory was fresh (see *People v Love,* 57 NY2d 1023; *People v Brnja,* 50 NY2d 366, 372; *People v Blake,* 35 NY2d 331). The victim had ample opportunity to observe the defendant during the commission of the crime because they struggled face to face (see *People v Graham,* 67 AD2d 172, 177). Moreover, prior to the showup, the victim accurately described the defendant's skin color, height, weight and build. Although the trial court should not have admitted a portion of defendant's hospital record which recited different versions of how he was injured (see *Williams v Alexander,* 309 NY 283, 287; cf. *Kelly v Wasserman,* 5 NY2d 425), the error was harmless given the fact that the statement merely reiterated the conflicting contentions at trial and given the overwhelming evidence of defendant's guilt (see *People v Crimmins,* 36 NY2d 230, 241). We have considered the other contentions raised by defendant and find them lacking in merit. (Appeal from judgment of Onondaga County Court, Murray, J. — burglary, second degree, and another charge.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.