■ KATHERINE MORAN et al., Appellants, v M. JOSEPH DE-MARINIS, Respondent.—In a dental malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered October 26, 1987, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

In 1978 the plaintiff, Katherine Moran, engaged the defendant dentist M. Joseph Demarinis to construct upper and lower permanent bridges. She told Dr. Demarinis that she had a heart murmur. The defendant then contacted Mrs. Moran's physician, Dr. Judah Reed, who advised him that if any extensive dental work was to be performed, she should be given antibiotics prophylactically.

The dental bridge work entailed root canal therapy over a period of approximately two years. In August 1980 Mrs. Moran showed symptoms of endocarditis (a bacterially caused inflammation of the mitral valve) with a vegetative growth. She was admitted to the Hospital of the Albert Einstein College of Medicine in October 1980 and was diagnosed as suffering from subacute bacterial endocarditis. Before an operation could be performed, an embolus broke off from her valve and traveled to her brain causing a stroke. The plaintiffs commenced this action to recover damages for dental malprac-

tice based on the alleged negligence of Dr. Demarinis in not prescribing antibiotics prophylactically, thereby allegedly causing the infection, the endocarditis, the ultimate embolus and Mrs. Moran's extensive permanent disability.

At the trial, the court withdrew from evidence certain dental X rays taken by the defendant on June 6, 1980, which had been introduced without objection when the plaintiffs called Dr. Appelle, their dental expert, to interpret these X rays and render an opinion as to evidence of infections in three of the plaintiff's teeth. The court ruled that Dr. Appelle could not testify as to any events that took place after June 4, 1980. We find that the exclusion of these dental X rays and the testimony of the dental expert was an abuse of discretion and constituted reversible error for the following reasons: (1) the plaintiffs' supplemental bill of particulars alleges negligence from June 30, 1978 through September 12, 1980, (2) paragraph four of same states that the date of the plaintiff Katherine Moran's last treatment by the defendant was *"in or about* June 4, 1980" (emphasis supplied), (3) the defendant's own office records refer to the plaintiff Katherine Moran's visits on July 25 and September 12, 1980. Since the X rays and their interpretation pertain directly to the plaintiffs' theory of negligence, the error was material.

The court further ordered all references to Mrs. Moran's dental history stricken from the hospital records before they were admitted into evidence. This ruling also was erroneous. Hospital records are admissible as business records to the extent that entries therein are germane to the diagnosis and treatment of the patient's ailments *(Williams v Alexander,* 309 NY 283; *People v Davis,* 95 AD2d 837; CPLR 4518). Where, as here, the question of the origin and type of infectious bacteria is pertinent to the proper diagnosis and treatment of the plaintiff Katherine Moran's condition, the dental history, expressly including the history that "she developed *[sic]* extensive root canal work with abscesses and purulent discharge", should have been allowed in evidence by the trial court. The court's ruling to the contrary inhibited the plaintiffs' proper efforts to prove their theory of the case.

The combination of these evidentiary rulings deprived the plaintiffs of a fair trial. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.