■ HALSON BUTLER, Respondent, v DIHYEM FOOD CORP., Appellant.—Judgment, Supreme Court, New York County (F. Warren Travers, J.), entered December 19, 1990, which, upon jury verdict, awarded plaintiff $141,120, plus costs and disbursements, unanimously affirmed, with costs.

On August 4, 1988, plaintiff, a 67-year-old resident of the Bahamas, engaged in full time missionary work for a church

organization, fell through an open trap door to the basement of defendant's store. She was assisted out of the basement by store employees and taken by taxicab to a hospital emergency room, where she was treated for generalized pain and released, the medical record indicating that she reported no prior back pain. Plaintiff returned to the emergency room the next day complaining of severe back pain, and X-rays revealed Grade I spondylolisthesis of two of her vertebrae. On a third visit to the emergency room, in October 1988, plaintiff was referred to the hospital's orthopedic clinic. A notation in the medical record of that date indicates that plaintiff had suffered pain since July 8, 1988 due to "a fall in a parking lot". Over defendant's objection, the court redacted the above quoted phrase from that medical record, although it left intact the reference to the onset of pain on July 8 prior to the occurrence in issue, and later permitted defendant to question plaintiff as to whether she had made such a statement, and also to question the examining orthopedist as to whether such a prior fall would affect his opinion. Plaintiff's treating orthopedist testified at trial that three X-rays taken over eighteen months demonstrated a progressive slippage of the vertebrae, and he opined that while plaintiff's spondylolisthesis condition was congenital, it had been stable and asymptomatic before the accident, but had deteriorated, and would continue to do so, as a result of the trauma of the accident. The condition was characterized as permanent and extremely disabling. Plaintiff testified that she was in constant pain, had been unable to resume her daily mission activities, and could not sleep well.

The verdict does not materially deviate from what would be reasonable compensation for these injuries, and we therefore do not disturb the trial court's denial of defendant's oral and written motions to set aside the verdict as excessive (CPLR 5501 [c]). Inasmuch as defendant fails to demonstrate how a July 1988 parking lot fall, as opposed to or in addition to the August 1988 grocery store fall, could have affected the emergency room's diagnosis or treatment of plaintiff in October 1988, it was not error to redact the medical record (Williams v Alexander, 309 NY 283; CPLR 4518 [a]). Moreover, any possible prejudice to defendant was minimal, in that the court did not remove the July 8, 1988 date set forth in the medical record from the jury's consideration, and allowed related examination by defendant of plaintiff and of its own examining orthopedist. In these circumstances, it is clear that defendant was not deprived of a fair trial by reason of this single,

limited redaction. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.