■ CARMEN I. NIEVES, as Administratrix of the Estate of MARCELLO LOPEZ, Deceased, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [606 NYS2d 224] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered April 5, 1993, which granted plaintiff's motion to renew a prior order granting defendant's motion for summary judgment and, upon renewal, denied the motion for summary judgment, unanimously affirmed, without costs.

A plaintiff in a wrongful death action is not held to as high a degree of proof as a plaintiff in a personal injury action and is entitled to the benefit of every reasonable inference that can be drawn from the evidence in determining whether a prima facie case has been made out *(Rivenburgh v Viking*

*Boat Co.,* 55 NY2d 850, 852). Here, hospital records submitted by plaintiff, which contain information purporting to recount the deceased's version of how the accident occurred, are sufficiently related to diagnosis and treatment not to require their exclusion at this point (CPLR 4518 [a]; *cf., Williams v Alexander,* 309 NY 283, 288). And, even if the deceased's statements were not to be considered, the hospital records, which indicate that the deceased arrived at the hospital alert and with stable vital signs, would still be sufficient to raise an issue of fact whether the deceased, as defendant contends, was an ill man who spontaneously fell and injured himself. We have considered defendant's other arguments and find them to be without merit. Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.