■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN READOUS, Appellant. [648 NYS2d 984] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 31, 1994, as amended March 7, 1996, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contention, the Supreme Court properly disallowed the defense's challenge for cause of venireperson number four in the first round of jury selection, since the evidence did not support a finding of actual bias or of a state of mind likely to preclude the venireperson from rendering an impartial verdict (see, CPL 270.20 [1] [b]; People v Torpey, 63 NY2d 361). In addition, the Supreme Court properly seated two Caucasian male venirepersons who were peremptorily challenged by the defense. The Supreme Court's determination that the defense's explanations for the challenges constituted mere pretexts for racial discrimination is supported by the record (see, Batson v Kentucky, 476 US 79; People v Payne,

88 NY2d 172; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *see also, People v Richie,* 217 AD2d 84).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court properly redacted that portion of the ambulance call report which was unnecessary for diagnosis or treatment (*see, Williams v Alexander,* 309 NY 283; Barker and Alexander, Evidence in New York State and Federal Courts § 803[1].1, at 616-617).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal of the judgment. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.