**Kevin READOUS, Petitioner–Appellant,**

v.

**Herbert GARVIN, Superintendent, Mid–Orange Correctional Facility, and Dennis C. Vacco, NYS Attorney General, Respondents–Appellees.**

Docket No. 01–2126.

United States Court of Appeals,
Second Circuit.

March 29, 2002.

Sean W. Hopkins, Esq., Amherst, NY, for Petitioner–Appellant.

Susan H. Odessky, Assistant Attorney General, New York, NY; Eliot Spitzer, Attorney General of the State of New York, for Respondents–Appellees.

Present: Hon. FEINBERG, Hon. OAKES and Hon. STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HERE-BY ORDERED, ADJUDGED AND DE-CREED that the judgment of the District Court is hereby AFFIRMED.

Petitioner–Appellant Kevin Readous appeals from the judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*) denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Upon a jury verdict, Readous was convicted of assault in the first degree. In his petition for a writ of habeas corpus, Readous raised, among other claims, the issue of whether his right to trial by an impartial jury was violated by the trial judge's disallowance of his motion to strike juror Jinelli for cause from the venire. On direct appeal, the Second Department rejected his claim, concluding that the "evidence did not support a finding of bias or state of mind likely to preclude the venireperson from rendering an impartial verdict." *People v. Readous*, 232 A.D.2d 583, 648 N.Y.S.2d 984 (2d Dep't), *lv. to appeal denied*, 89 N.Y.2d 928, 654 N.Y.S.2d 730, 677 N.E.2d 302 (1996) (Titone, J.). The District Court denied Readous's petition, concluding that Readous failed to rebut the presumption [1] that the trial court correctly determined that Jinelli could render an impartial verdict, and granted a certificate of appealability on this issue.

We affirm for substantially the reasons provided by the District Court's opinion. Moreover, even if Readous could establish that Jinelli was biased, his right to an impartial jury was not impaired because he exercised a peremptory challenge to remove Jinelli from the jury. *See Ross v. Oklahoma*, 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988) (finding no constitutional error when the defendant resorted

---

**1.** *See* 28 U.S.C. § 2254(e)(1) (instructing that "a determination of a factual issue made by a State court shall be presumed to be correct").

to one of his peremptory challenges to remove a juror whom the trial court should have excused for cause; "So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated."); *cf. United States v. Martinez Salazar*, 528 U.S. 304, 307, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000) ("We hold ... that if the defendant elects to cure [a trial judge's failure to remove a potential juror for cause] by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any ... constitutional right.").

For the reasons provided above, the judgment of the District Court is hereby AFFIRMED.