■ JOSE RODRIGUEZ et al., Appellants, v VINCENT PICCONE et al., Respondents. [774 NYS2d 185]—

In an action to recover damages for medical malpractice, etc.,

the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Ponterio, J.), dated November 15, 2002, which, upon the granting of the defendants' motion, in effect, pursuant to CPLR 4401, to dismiss the complaint for failure to establish a prima facie case, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for a new trial, with costs to abide the event.

At the commencement of the trial, the Supreme Court granted the defendants' motion to preclude the plaintiffs from introducing certain hospital records into evidence. Upon the plaintiffs' concession that they could not prove their prima facie case without those hospital records, the defendants moved to dismiss the complaint for failure to establish a prima facie case, and the Supreme Court granted the motion.

"Hospital records are admissible as business records to the extent that entries therein are germane to the diagnosis and treatment of the patient's ailments" (*Moran v Demarinis,* 152 AD2d 546, 547 [1989]; *see Williams v Alexander,* 309 NY 283 [1955]; *Wilson v Bodian,* 130 AD2d 221, 229 [1987]; CPLR 4518). Contrary to the Supreme Court's determination, the statements in the subject medical records were germane to the diagnosis and treatment of the plaintiff Jose Rodriguez and therefore were admissible. Accordingly, we reverse the judgment, reinstate the complaint, and grant a new trial. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.