■ Meagan Murray et al., Respondents, v Harry L. Weisenfeld et al., Defendants, and Ari Dubov, Appellant. [829 NYS2d 592]—

In an action to recover damages for dental malpractice, etc., the defendant Ari Dubov appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Richmond County (Aliotta, J.), dated June 28, 2005, as denied those branches of his motion pursuant to CPLR 4404 (a) which were to set aside a jury verdict in favor of the plaintiffs and against him as against the weight of the evidence and for a new trial, or alternatively, to dismiss the complaint insofar as asserted against him.

Ordered that the amended order is affirmed insofar as appealed from, with costs.

In this dental malpractice action commenced by Henry Murray on behalf of his daughter, the infant plaintiff, Meagan Murray, the trial testimony established that the defendant, Ari Dubov, performed a pulpotomy on one of the child's teeth on February 22, 2000 and treated a dental abscess on that same tooth on April 12, 2000. Dubov did not prescribe antibiotics. In August 2000, while the plaintiffs were on vacation in the state of Wisconsin, the infant was hospitalized and treated at two hospitals in Wisconsin, and was diagnosed as having a brain abscess, for which she underwent surgery and intense antibiotic treatment. After the jury returned a verdict in favor of the plaintiffs, Dubov moved pursuant to CPLR 4404 (a), inter alia, to set aside the verdict and for a new trial, or alternatively, to dismiss the complaint insofar as asserted against him. The Supreme Court, inter alia, denied those branches of the motion which were to set aside the verdict and for a new trial, and to dismiss the complaint insofar as asserted against him. We affirm.

The defendant moved for a new trial on the ground that, inter alia, the Supreme Court had improperly admitted the child's medical records into evidence at the trial. The Supreme Court properly denied that motion. The certified records and the medical opinions contained therein were properly admitted, as they were germane to the diagnosis and treatment of the child (see *Williams v Alexander*, 309 NY 283, 287 [1955]; *Bruce-Bishop v Jafar*, 302 AD2d 345 [2003]; see also *Rodriguez v Pic-*

*cone,* 5 AD3d 757, 758 [2004]; *Moran v Demarinis,* 152 AD2d 546, 547 [1989]; *Wilson v Bodian,* 130 AD2d 221, 231 [1987]). The plaintiffs' experts were entitled to rely upon facts set forth in the medical records, as they did not base their opinions upon the conclusions contained in the records (*see Bruce-Bishop v Jafar, supra; Moran v Demarinis, supra* at 547).

Further, Dubov's contentions concerning comments made by the plaintiffs' counsel during summation are unpreserved for appellate review, as his counsel failed to object to those comments at trial (*see Koplick v Lieberman,* 270 AD2d 460 [2000]; *Heberer v Nassau Hosp.,* 119 AD2d 729 [1986]). In any event, when read in context, the comments were within the bounds of the wide latitude allowed to counsel during summation (*see Gonzalez v Lok K. Cheng,* 287 AD2d 595, 596 [2001]; *Califano v City of New York,* 212 AD2d 146 [1995]).

Finally, the Supreme Court properly denied that branch of Dubov's motion which was to set aside the jury award for future pain and suffering as against the weight of the evidence. On the facts of this case, it cannot be said that the jury award for future pain and suffering was excessive in that it deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.