APPEARANCES:
A. WILLIAM ZAVARELLO and RHONDA GAIL DAVIS, Attorneys at Law, for Appellant.
DAVID W. HILKERT, Attorney at Law, for Appellee.
 DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff, Mary A. Gerak, appeals from the trial court's judgment and jury verdict that awarded her damages from appellee-defendant, Lisa M. Dentice. We affirm.
Ms. Gerak was injured in an automobile accident caused by Ms. Dentice's negligent driving. Ms. Gerak sued Ms. Dentice to recover damages. The trial court entered judgment on a jury's verdict in favor of Ms. Gerak and awarded her $30,000 in damages.
Ms. Gerak timely appealed and has raised four assignments of error.
ASSIGNMENT OF ERROR I
 The court erred in excluding medical records of [Ms. Gerak's] treating physicians, Drs. Coutts and Chier, from evidence.
ASSIGNMENT OF ERROR II
 The court erred in excluding [Ms. Gerak's] evidence of lost wages.
ASSIGNMENT OF ERROR III
 The court erred in excluding medical records relied upon by [Ms. Dentice's] medical expert, Herbert Thompson, M.D.
Because Ms. Gerak's first three assignments of error relate to whether the trial court erred when it excluded medical records of both Ms. Gerak's and Ms. Dentice's experts and evidence of lost wages, we will address these assignments together. First, Ms. Gerak avers that because she satisfied the requirements of Hythav. Schewendeman (1974), 40 Ohio App.2d 478, and the trial court had no basis pursuant to Evid.R. 403(B) to exclude the medical records generated by her expert, the trial court erred when it excluded them. Next, Ms. Gerek contends, without citing authority, that the trial court erred when it excluded evidence relating to lost wages. Finally, Ms. Gerak argues that the trial court violated Evid.R. 703 when it excluded medical records that were relied upon by Ms. Dentice's expert. We disagree with all of these contentions.
A trial court possesses broad discretion when it admits and excludes evidence, including evidence that is excluded as cumulative. Hamm v. McCarty (1988), 61 Ohio App.3d 623, 627. A trial court abuses its discretion when it exhibits an attitude that is unreasonable, arbitrary or unconscionable. Calderon v.Sharkey (1982), 70 Ohio St.2d 218, 219-20. Evid.R. 403(B) provides that "evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." For example, the Eighth District Court of Appeals has concluded that a trial court did not abuse its discretion when it excluded a voluminous worker's compensation file because much of the material was not utilized by either side at trial, was irrelevant to the issues at trial, and was unnecessarily cumulative. McClarty v. Herzog (July 12, 1990), Cuyahoga App. Nos. 57238, 57283, unreported, 1990 Ohio App. LEXIS 2835, at *19. See Evid.R. 403.
In terms of the medical records, the requirements outlined inHytha are factors that must be present before medical records may be admitted into evidence. See Hytha v. Schwendeman (1974),40 Ohio App.2d 478, 482-84. Hytha does not provide that satisfaction of the factors requires the admission of such evidence. See id.
Ms. Gerak appears to argue that Evid.R. 703 requires that all evidence examined and reviewed by experts must be admitted into evidence by a trial court. According to Evid.R. 703, the facts and data that an expert bases an opinion on may be admitted into evidence or perceived by the expert. The language of the rule does not mandate that a trial court must allow evidence that an expert creates or reviews into evidence. With respect to Ms. Gerak's argument regarding the exclusion of documentary evidence related to lost wages, the trial proceedings do not indicate that she proffered testimony relating to the amount of her lost wages. Ms. Gerak testified that evidence of lost wages was attached to her exhibit with medical records, but she never testified regarding those lost wages. Ms. Gerak has provided no authority to support her proposition that testimony regarding the existence of evidence lays a proper foundation for or necessitates its admission into evidence.
Based on the foregoing, the trial court did not abuse its discretion when it excluded the medical records and evidence of lost wages. Ms. Gerak's first three assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
The jury verdict was inadequate.
In her brief to this court, Ms. Gerak contends that she incurred $15,380.25 in medical expenses and $1,798.25 in lost wages. She argues that the jury's verdict of $30,000 was against the manifest weight of the evidence. She also avers that the amount was inadequate because (1) it failed to award her medical expenses for a future procedure that would cost $25,000, and (2) it failed to adequately compensate her for pain, suffering, and loss of enjoyment of usual activities. We disagree.
In the absence of interrogatories relating to how the jury broke down its award of damages, it appears that the jury's verdict satisfied the amount for medical expenses and the amount for lost wages indicated above. The jury's award of $30,000 was more than the sum of these amounts and thus took into account damages from at least one of the other categories requested by Ms. Gerak.
As an appellate court, in order to determine whether a trial court judgment is against the manifest weight of the evidence, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
Lagasse v. Yaeger (Sept. 9, 1998), Lorain App. No. 97CA006774, unreported, at 4. See, also, State v. Otten (1986), 33 Ohio App.3d 339,340. In a case where contrary evidence regarding the amount of damages was presented to a jury, this court concluded that a jury did not lose its way or create a manifest miscarriage of justice when it awarded plaintiffs less than the amount that the plaintiffs requested and submitted evidence to support.Hickman v. O'Toole (Oct. 16, 1991), Summit App. No. 15036, unreported, at 3-5.
In Farkas v. Detar (Mar. 25, 1998), Summit App. No. 18271, unreported, this court reversed a jury verdict and awarded a new trial on the basis that the award of damages was against the manifest weight of the evidence. That case is distinguishable from this case in several respects. In Farkas, the jury's award only reimbursed the plaintiff for medical expenses and failed to account for some pain and suffering. Id. at 20-21. Also inFarkas, three experts testified that the plaintiff suffered chronic pain from the collision, and the record failed to support a finding that she suffered no pain as a result of the collision.Id. In contrast, the jury in this case did not limit its damages to past medical expenses and lost wages. The jury did not return a verdict that there were no damages for loss of enjoyment of usual activities, pain and suffering, and future medical expenses.
Ms. Gerak points to her expert's testimony that a future medical procedure would cost $25,000, testimony about the pain that she experienced, and testimony that she could not participate in the recreational activities that she had enjoyed prior to her injury. Nonetheless, evidence was also presented showing that the knee problem suffered by Ms. Gerak is often related to a developmental problem found in women and not in men and that the future procedure suggested by Ms. Gerak's expert would not be reasonable and necessary. The record also shows that Ms. Gerak continued to work, attend school, and socialize with friends and family. Based on the foregoing, we do not find that the jury lost its way and created such a manifest miscarriage of justice that the verdict for $30,000 in damages must be reversed and a new trial ordered. Accordingly, Ms. Gerak's fourth assignment of error is overruled.
Ms. Gerak's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR