OPINION
In this accelerated calendar case, appellant, Charles W. LaPorte, appeals from a jury verdict rendered in the Portage County Court of Common Pleas. The jury found that appellant was not entitled to participate in the workers' compensation fund for his additional conditions.
Appellant was injured during his employment with J.P. Food Services, Inc. on December 26, 1989. As a result of this injury, appellant filed a claim with the Bureau of Workers' Compensation for strain/sprain of right shoulder. This claim was allowed. Appellant claimed the additional conditions of bursitis, tendinitis of the right shoulder, and right shoulder impingement. The Industrial Commission denied these claims. Subsequently, a staff hearing officer denied further appeals to the Industrial Commission. Appellant then filed this action in the Portage County Court of Common Pleas.
Appellant claims that all of his injuries occurred while working with J.P. Food Services, Inc. His job there was to load frozen food products onto trucks. This involved repetitive motions and included overhead work. Due to the refrigeration units, this work was preformed in cold conditions. The trial transcript also indicates that appellant has held a variety of other jobs both before and after his employment at J.P. Food Services. Some of these jobs also included overhead work. These jobs included: farm work at a winery, factory work, work as a well tender at oil and gas companies, and work as deli manager and grocery manager at grocery stores.
Appellant raises two assignments of error. The first assignment of error is:
 "The trial court erred in granting defendant's request for special instructions that `injury does not include injury or disability caused primarily by the natural deterioration of tissue, an organ or any part of the body'"
 The Supreme Court of Ohio has held that a jury instruction should not be given if there is no evidence produced to support the issue within the instruction. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. The court further stated that "[o]rdinarily requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction." Id.
The instruction at issue here is a correct statement of law because it essentially restates verbatim the statutory language of R.C. 4123.01(C)(2). The remaining issue is whether reasonable minds could reach the outcome sought by the instruction.
Although appellee did not provide specific evidence of natural deterioration, there was certainly enough evidence before the jury to reach this conclusion. Appellant testified at trial that he has held a variety of jobs since he was fifteen years old, and some of them involved overhead work. Appellant's only medical expert, Dr. Hsu, also testified on cross-examination that the work appellant did at some of these other jobs could have contributed to his injuries. Specifically, Dr. Hsu testified that the overhead work appellant did at the wineries both before and after the December 26, 1989 incident could have caused the right shoulder impingement.
The Supreme Court of Ohio has instructed reviewing courts to look at the jury instructions as a whole to determine if the instruction misled the jury in a way that would affect appellant's substantial rights.Becker v. Lake Cty. Mem. Hosp. West (1990), 53 Ohio St.3d 202, 208. Here we do not view this instruction as one that misled the jury. The instruction was a correct statement of law and was not misleading on its face. Further, based upon the evidence presented at trial, a reasonable mind could reach the conclusion sought by the instruction. Therefore, appellant's first assignment of error is without merit.
Appellant's second assignment of error is:
 "The trial court committed prejudicial error in excluding from evidence medical records from plaintiff's attending physicians."
 The medical records appellant sought to introduce were from doctors who did not testify in court. Even if the records themselves were admitted, the relevant portions of them would be inadmissible. The records themselves are admissible under the business records exception to the hearsay rule. Evid.R. 803(6), R.C. 2317.40. However, there are additional evidentiary hurdles that must be overcome for certain portions of the records to be admissible.
These records were properly certified by the custodian pursuant to R.C. 2317.40 and 2317.42. Therefore, the records themselves met the authenticity requirements of Evid.R. 901. The portions of the medical records that do not require expert testimony, for example the date of certain visits or a patient's height and weight, are admissible. However, the portions of the medical records that contain medical opinions or diagnoses must be further authenticated to be admissible. This is because medical opinions and diagnoses are expert testimony under Evid.R. 702.
This court has held that "[o]nce an exhibit is found to be both relevant and authentic, the remaining aspects of foundation must then be established for its admission. This is generally accomplished through testimony by a person competent to testify as to the existence or contents of the exhibit." Parsons v. Scott (Sept. 8, 1995), Lake App. No. 94-L-154, unreported, 1995 Ohio App. LEXIS 3888, at *6. Appellant did not call the doctors who created these records to testify. Likewise, appellant did not have his medical expert witness, Dr. Hsu, testify to lay a foundation for these records.
We held in Parsons that "the medical records with medical diagnosescannot be identified for admission purposes by the patient." (Emphasis in original.) Id. at *10. Here, the statements of medical diagnosis were not even presented for identification while the patient was on the stand. These records were not introduced until the very end of trial. We likewise hold in the case sub judice that a knowledgeable person must testify as to the diagnoses or opinions included in medical records. To hold otherwise would permit a party to present expert medical testimony through a lay witness, or in this case no witness at all, and effectively prevent the opposing party from challenging the expert testimony through cross-examination. This would violate Evid.R. 701 and 702.
Any statements in these records, including those referring to the causation of appellant's injuries, that are not related to medical diagnosis or treatment should be individually excluded as hearsay. The Twelfth District Court of Appeals has held that "[s]tatements in a hospital record regarding the cause of the injury or the manner in which the accident happened are not admissible insofar as they are not pertinent to medical diagnosis or treatment." McQueen v. Goldey (1984),20 Ohio App.3d 41, 43-44, citing Green v. Cleveland (1948),150 Ohio St. 441.
As both parties noted in their briefs, there is a seven-part test to be used to determine if a record of medical diagnoses may be admitted.Hytha v. Schwendeman (1974), 40 Ohio App.2d 478, syllabus. The test essentially reiterates the rule-based analysis supra and, therefore, will not be discussed at length in this opinion. However, the Hytha criteria were examined by this court, and all of the criteria were not met in this case.
The trial court erred in excluding the medical records in their entirety. However, this was harmless error. This is because certain portions of the medical records, which would have potentially aided appellant's case, were inadmissible. Appellant failed to overcome the additional evidentiary hurdles of foundation and/or hearsay for these portions to be admissible.
Appellant's second assignment of error is also without merit. The judgment of the trial court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, NADER, J., GRENDELL, J., concur.