OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff Carol Overcasher appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant Northland Cranberries, Inc. on her claims for product liability and negligence. Appellant assigns two errors to the trial court:
 {¶ 2} "I. The trial court erred as a matter of law in granting summary judgment because there is a genuine issue of material fact as to whether appellant, carol overcasher, sustained injuries as the proximate result of consuming appellee, Northland Cranberries, Inc.'s defective product.
 {¶ 3} "II. The trial court erred as a matter of law in determining that the emergency room diagnosis was inadmissible hearsay."
 {¶ 4} The trial court recited the facts in its judgment entry of October 16, 2003. In January 2001, appellant purchased a two-quart plastic jug of Seneca 100% Grape Juice From Concentrate With Added Calcium. Over the course of the following 3 to 5 days, appellant stored the grape juice in her refrigerator and consumed approximately two-thirds of it. On February 2, 2001, appellant "swooshed" the juice remaining in the container, because she knew natural parts of juice sometimes settled to the bottom of the container. Appellant poured herself a glass of juice, but as she swallowed a sip of the juice she felt a scraping sensation in the back of her throat. Appellant examined the bottle and found sharp granules varying in size remaining on the neck of the bottle. Appellant went to the emergency room complaining of throat pain, and later went to Dr. Steven Ossakow, an Otolaryngologist, because of continued pain in her throat.
 {¶ 5} Other facts which appear undisputed in the record are that appellant was examined by Dr. Saklecha, an emergency room physician, about a half hour after drinking the juice. Dr. Saklecha diagnosed appellant with laryngeal and esophageal abrasions. The doctor also examined the substance in the juice. Dr. Saklecha made notes of his emergency room examination.
 {¶ 6} Appellant later had the substance analyzed by American Analytical Laboratories, Inc. The laboratory report stated the substance had four characteristics of talc. Appellee also examined the substance, and argued the substance was tartaric acid, which occurs naturally in grapes and grape juice. Appellee's expert criticized appellant's laboratory tests, and found they were incomplete because they did not positively identify the crystals.
 {¶ 7} Dr. Ossakow examined appellant about a month after her claimed injury, while appellant was still experiencing painful symptoms. The doctor's examination revealed no evidence of injury, and he offered his opinion that the problems she was experiencing were not due to the grape juice incident, but were the result of acid reflux disease.
 {¶ 8} Civ. R. 56 states in pertinent part:
 {¶ 9} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 10} A trial court may not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States InsuranceCompany (1981), 67 Ohio St. 2d 427. A fact is material when it affects the outcome of the case under the applicable substantive law, Russell v. Interim Personnel, Inc. (1999),35 Ohio App. 3d 301. The trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St. 3d 321.
 {¶ 11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving parties' claim, Dresher v. Burt
(1996), 75 Ohio St. 3d 280. The movant must point to some evidence in the record, and may not simply allege the non-moving party has no evidence to support its claim. The non-moving party then has the reciprocal burden to offer specific facts showing a genuine issue for trial, and may not rest upon the allegations and denials in the pleadings, Id.
 {¶ 12} This court reviews a summary judgment using the same standard as the trial court, Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St. 3d 35.
 II {¶ 13} In her second assignment of error, appellant urges the trial court erred as a matter of law in determining the emergency room diagnosis was inadmissible hearsay.
 {¶ 14} In Hytha v. Schwendeman (1974), 40 Ohio App. 2d 478, the Franklin County Court of Appeals set forth seven elements it found must be present before the record of a medical diagnosis made by a physician may be admitted into evidence. Those factors are:
 {¶ 15} "(1) The record must have been a systematic entry kept in the records of the hospital or physician and made in the regular course of business;
 {¶ 16} "(2) The diagnosis must have been the result of well-known and accepted objective testing and examining practices and procedures which are not of such a technical nature as to require cross-examination;
 {¶ 17} "(3) The diagnosis must not have rested solely upon the subjective complaint of the patient;
 {¶ 18} "(4) The diagnosis must have been made by a qualified person;
 {¶ 19} "(5) The evidence sought to be introduced must be competent and relevant;
 {¶ 20} "(6) If the use of the record is for the purpose of proving the truth of the matter asserted at trial, it must be the product of the parties seeking its admission;
 {¶ 21} "(7) It must be properly authenticated." Hytha,
supra, syllabus by the court.
 {¶ 22} It is the third element which is at issue here. The emergency room physician's notes state appellant's throat was clear. The notes dictated by the doctor's physician assistant state "the examination of her oropharynx revealed no laceration, wounds, or bleeding." The physician assistant noted "possibly" some mild erythema on the posterior wall of the oropharynx.
 {¶ 23} The diagnosis made by the doctor is laryngeal and esophageal abrasion.
 {¶ 24} Dr. Ossakow gave a deposition in which he explained his opinion of the emergency notes. The doctor asserted if appellant had suffered a laryngeal abrasion, the emergency room doctor would have admitted her to the hospital because she would have airway problems, which she did not exhibit. The doctor explained often a physician cannot really make a diagnosis, but nevertheless must put down some diagnosis in order to bill for the visit. Dr. Ossakow speculated this was what happened at the emergency room. He also offered as his expert opinion there was no objective medical evidence of any injury at the time, and any symptoms she exhibited when he treated her were not the result of the incident with the grape juice.
 {¶ 25} We find the trial court was correct in holding appellant had not demonstrated the emergency room physician's diagnosis was based on anything other than her own statements to him regarding her injury. We conclude the diagnosis portion of the hospital records are inadmissible hearsay.
 {¶ 26} The second assignment of error is overruled.
 I {¶ 27} The trial court set forth the elements a plaintiff must prove in order to recover on a products liability claim: First, there was a defect in the product manufactured and sold by the defendant; second, such defect existed at the time the product left the hands of the defendants; and third, the defect was the direct and proximate cause of the plaintiff's injuries or losses, Shaw v. Toyotomi America, Inc. (1995),101 Ohio App. 3d 54, citations deleted.
 {¶ 28} As the trial court correctly found, in order to establish her negligence claim, the appellant must show the existence of a duty, breach of the duty, and an injury proximately resulting from the breach, Texler v. D.O. SummersCleaners Shirt Laundry Co. (1998), 81 Ohio St. 3d 677.
 {¶ 29} The trial court found appellant had not produced evidence of an injury, nor of causation.
 {¶ 30} We find the trial court was correct in finding appellant had not set forth a prima facia case either for product liability or negligence. Because the emergency room diagnosis was inadmissible hearsay, appellant has presented no evidence she was injured.
 {¶ 31} The first assignment of error is overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Boggins, J., concur.
 {¶ 33} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.