DECISION AND JUDGMENT ENTRY
{¶ 1} This is a workers' compensation appeal. John Preston appeals the decision of the Lucas County Court of Commons Pleas that denied his right to participate in the Workers' Compensation Fund for an additional claimed condition involving his neck. He sought to include the condition of "broad-based central focal disc protrusion at C3-4 with effacement and indentation of the thecal sac" ("disc herniation at C3-4"). Because the trial court did not err in admitting the trial deposition of the defense expert, we affirm.
 {¶ 2} On October 22, 1991, Preston was injured after being struck in the head by a falling 4x4 while working at a construction site for The Lathrop Company, Inc. He was taken to the hospital and released four to five hours later. Preston received workers' compensation benefits for a scalp contusion and cervical strain. Eight years later, in 1999, an additional claim of aggravation of pre-existing arthritis was allowed as a related injury. An additional claim for bilateral neuralgia and neurovascular headaches was allowed in 2000.
 {¶ 3} In 2001, Preston underwent an MRI of his cervical spine. Results of the MRI showed "(1) Degenerative disc disease throughout the cervical spine, most pronounced at C3-4, C5-6, and C6-7, * * * with facet arthrosis and uncinate hypertrophy noted in the mid cervical spine and resultant foraminal encroachment at C4-5 and C5-6; (2) Broad-based central focal disc protrusion at C3-4 with effacement and indentation of the thecal sac; (3) Small diffuse annular disc bulge at C4-5 with slight to mild effacement and indentation of the thecal sac; (4) Posterior spur formation at C5-6 with resultant effacement and indentation of the thecal sac; and (5) Cerebellar atrophy commensurate with [Preston's] age."
 {¶ 4} On May 7, 2001, Preston filed a claim for additional allowance for the disc herniation at C3-4. The Industrial Commission denied the claim, and Preston filed an appeal to the Lucas County Court of Common Pleas pursuant to R.C. 4123.512.
 {¶ 5} On March 14, 2003, the matter was tried to the bench. Preston testified that as a result of his injury he suffers from head, neck, and shoulder pain and has headaches. He first saw Dr. Gregory Thomas, but was released by him after four to five months. Preston stated he was still in pain, so he started to see Dr. Williams until Dr. Williams retired. He then saw Dr. Paul Norden, who ordered the 2001 MRI. Preston testified that he has not treated with anyone since Dr. Norden died.
 {¶ 6} After Preston testified, the trial court was informed that Preston had filed a motion in limine that morning regarding the deposition of the defense expert, Dr. Anthony Fiorini. During argument, Preston maintained that Dr. Fiorini's deposition should be excluded because the chiropractic physician had not examined him and because Dr. Fiorini's opinion was based on unauthenicated, inadmissible medical records from various treating physicians. The Bureau of Workers' Compensation ("BWC") responded that if Dr. Fiorini's deposition were excluded, so should the deposition of Dr. Jerome Dombeck, Preston's expert, be excluded. Dr. Dombeck's opinion was also based, in part, on medical records he had reviewed, which were not offered for admission. BWC then offered Preston's medical records for admission.[1] The trial court denied both motions in limine and admitted the disputed medical records and depositions. The MRI report and Dr. Dombeck's report were admitted without objection as plaintiff's exhibit 1 and 2.
 {¶ 7} In a judgment entry filed April 9, 2004, the trial court determined that Preston was not entitled to participate in the workers' compensation fund for the additional condition of disc herniation. Preston now raises the following assignment of error on appeal:
 {¶ 8} "The trial court erred prejudicially when it admitted medical records and when it subsequently admitted the trial deposition of Dr. Anthony Fiorini, M.D. [sic], in spite of the fact that he had never examined appellant and no foundation was ever laid for the medical records upon which he relied."
 {¶ 9} The admission of expert testimony is a matter within the sound discretion of the trial court. Scott v. Yates (1994),71 Ohio St.3d 219, 221. A reviewing court will not reverse the decision of the trial court absent an abuse of discretion. Id. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude, in reaching its decision, was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Preston argues that the trial court abused its discretion when it admitted his medical records and the deposition testimony of Dr. Fiorini. He contends that the medical records were inadmissible because they did not satisfy the criteria set forth by the Tenth Appellate District in Hytha v.Schwendeman (1974), 40 Ohio App.2d 478. Under Hytha, the following factors must exist before a diagnosis can be admitted:
 {¶ 11} "(1) The record must have been a systematic entry kept in the records of the hospital or physician and made in the regular course of business;
 {¶ 12} "(2) The diagnosis must have been the result of well-known and accepted objective testing and examining practices and procedures which are not of such a technical nature as to require cross-examination;
 {¶ 13} "(3) The diagnosis must not have rested solely upon the subjective complaints of the patient;
 {¶ 14} "(4) The diagnosis must have been made by a qualified person;
 {¶ 15} "(5) The evidence sought to be introduced must be competent and relevant;
 {¶ 16} "(6) If the use of the record is for the purpose of proving the truth of the matter asserted at trial, it must be the product of the party seeking its admission;
 {¶ 17} "(7) It must be properly authenticated." Id.
 {¶ 18} Upon reviewing the Hytha factors, we find that the trial court erred in admitting the medical records. The documents were not properly authenticated and there was no foundation that they were created according to the regular business practices of the various medical providers.
 {¶ 19} However, this conclusion does not necessarily mean that the trial court erred in admitting Dr. Fiorini's deposition. Evid.R. 703 provides: "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing." InWilliams v. Reynolds Road Surgical Center, LTD, 6th Dist. No. L-02-1144, 2004-Ohio-1645, this court addressed the admissibility of testimony from two expert witnesses who had based their opinions in part on a treating doctor's deposition that was not admitted at trial. Although the treating doctor's deposition had not been admitted, the treating doctor did testify at trial, and his live testimony was consistent with his deposition. We found that the testimony from the two experts was properly admitted because the facts on which they relied had been placed into evidence via the treating doctor's live testimony, thus satisfying Evid.R. 703. See also, State v. Williams, 10th Dist. No. 02AP-507, 2003-Ohio-2694 (expert's opinion admissible because facts relied upon were introduced into evidence via later testimony of another witness).
 {¶ 20} Dr. Fiorini's testimony was based primarily on his own education and experience and the MRI report admitted on Preston's motion. At the beginning of his deposition, Dr. Fiorini listed the records he had reviewed. With the exception of a single reference to Preston's medical records,[2] Dr. Fiorini's testimony was based on the MRI report. In addition, the facts underlying Dr. Fiorini's opinion were also admitted into evidence by the testimony of either Dr. Dombeck or Preston. Therefore, Evid.R. 703 was satisfied and the trial court did not abuse its discretion in admitting Dr. Fiorini's deposition.
 {¶ 21} The trial court's findings of fact and conclusions of law rely mostly on the depositions of Dr. Dombeck and Dr. Fiorini. We, therefore, conclude that Preston was not prejudiced by the erroneous admission of the medical records. Preston's sole assignment of error is not well taken.
 {¶ 22} The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J. Lanzinger, J., Concur.
[1] The medical records were identified as defense exhibits A through J, and included reports and records from Dr. Fiorini, Dr. Mark E. Nader, Dr. Glen Nagasawa, Dr. Paul Norden, Dr Gregory Thomas, and Dr. A.M. Davoudi.
[2] Dr. Fiorini was specifically asked if Preston's symptoms were consistent with a herniated disc at C3-4 based on his review of the medical records. He responded that he did not see any relationship. Dr. Dombeck also testified that not all of Preston's symptoms, such as the radiating arm pain, could be attributed to the herniated disc at C3-4.