[Cite as *Somerick v. YRC Worldwide, Inc.*, 2020-Ohio-2916.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| JOHN P. SOMERICK, III | | C.A. No. 29239 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| YRC WORLDWIDE INC. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV-2017-10-4512 |

DECISION AND JOURNAL ENTRY

Dated: May 13, 2020

TEODOSIO, Presiding Judge.

{¶1} YRC Worldwide, Inc. appeals the order of the Summit County Court of Common Pleas entering judgment in favor of John P. Somerick III. We affirm.

I.

{¶2} On August 5, 2016, John P. Somerick III sustained injuries while in the course of his employment with YRC Worldwide, Inc. ("YRC") when he was struck in the head by a deck bar. A workers' compensation claim was allowed for certain conditions associated with the injury (laceration without foreign body of scalp; concussion with loss of consciousness of 30 minutes or less; and injury to optic nerve, left eye) and disallowed for others. Germane to this appeal, Mr. Somerick filed a motion with the Bureau of Workers' Compensation requesting that a claim be further allowed for post-concussion syndrome. The claim for this additional claim was initially disallowed by the District Hearing Officer.

{¶3} The order disallowing the additional claim was vacated on appeal, with the decision of the Staff Hearing Officer allowing the claim for post-concussion syndrome. YRC attempted further appeal to the Industrial Commission of Ohio, which refused to hear the appeal and affirmed the order of the Staff Hearing Officer.

{¶4} In October 2017, YRC appealed the decision of Ohio Industrial Commission allowing the additional claim of post-concussion syndrome to the Summit County Court of Common Pleas. The matter proceeded to a jury trial, with the jury returning a verdict in favor of Mr. Somerick. The trial court subsequently entered judgment on October 19, 2018, determining that Mr. Somerick was entitled to participate in the Workers' Compensation Fund for the condition of post-concussion syndrome. YRC now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE MEDICAL OPINIONS AND DIAGNOSES OF MULTIPLE NON-TESTIFYING PHYSICIANS BECAUSE SUCH MEDICAL OPINIONS AND DIAGNOSES WERE IMPERMISSIBLE HEARSAY ON THE ULTIMATE ISSUE.

{¶5} In its first assignment of error, YRC argues that the trial court erred by admitting medical opinions and diagnoses from non-testifying physicians. We disagree.

{¶6} Given the broad discretion accorded to trial courts to admit or exclude evidence, this Court "will not disturb evidentiary rulings absent an abuse of discretion 'that produced a material prejudice' to the aggrieved party." *In re I.W.*, 9th Dist. Wayne Nos. 07CA0056 and 07CA0057, 2008-Ohio-2492, ¶8, quoting *State v. Roberts*, 156 Ohio App.3d 352, 2004-Ohio-962, ¶ 14 (9th Dist.). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, an appellate court

may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). "Material prejudice exists when, after weighing the prejudicial effect of the errors, the reviewing court is unable to find that without the errors the fact finder would probably have reached the same decision." *In re Moore*, 9th Dist. Summit No. 19217, 1999 WL 1215294, *17 (Dec. 15, 1999); *Estate of Cushing v. Kuhns*, 9th Dist. Lorain No. 97CA006981, 1999 WL 74626, *3 (Feb. 9, 1999).

{¶7}    At issue are the medical records admitted by the trial court from non-testifying physicians: Dr. James Matthew Gebel, Jr., Dr. Hugh Miller, Dr. Mark Pluskota, and Dr. W. Kent Soderstrum. YRC directs us to the syllabus of *Hytha v. Schwendeman*, 40 Ohio App.2d 478 (10th Dist.1974), which lists seven factors that must be present before the record of a medical diagnosis made by a physician may be admitted into evidence:

(1) The record must have been a systematic entry kept in the records of the hospital or physician and made in the regular course of business;

(2) The diagnosis must have been the result of well-known and accepted objective testing and examining practices and procedures which are not of such a technical nature as to require cross-examination;

(3) The diagnosis must not have rested solely upon the subjective complaints of the patient;

(4) The diagnosis must have been made by a qualified person;

(5) The evidence sought to be introduced must be competent and relevant;

(6) If the use of the record is for the purpose of proving the truth of matter asserted at trial, it must be the product of the party seeking its admission;

(7) It must be properly authenticated.

{¶8}    We note that "[i]t is well established that although the syllabus of the Ohio Supreme Court is the law, the syllabus of an Ohio appellate court is not." *Markovich v. Markovich*, 8th Dist. Cuyahoga No. 42888, 1981 WL 4995, *3 (July 2, 1981). *Accord Royal Indemn. Co. v. McFadden*,

65 Ohio App. 15, 21 (1st Dist.1940). Rather, we look to the text of the opinion itself for the correct statement of the decision. *Royal Indemn. Co.* at 21. Accordingly, in previously recognizing *Hytha*, we cited to the text of the opinion rather than the syllabus in determining that "[i]n terms of the medical records, the requirements outlined in *Hytha* are factors that must be present before medical records may be admitted into evidence." *Gerak v. Dentice*, 9th Dist. Summit No. 19098, 1999 WL 334766, *1 (May 26, 1999), citing *Hytha* at 482-484.

{¶9}     Under this assignment of error, YRC first argues that the medical records did not meet the third factor listed in the *Hytha* syllabus; namely, that "[t]he diagnosis must not have rested solely upon the subjective complaints of the patient * * *." *Hytha* at syllabus. The text of the opinion in *Hytha* does not specifically enumerate such a factor, nor does it contain language referencing the subjective complaints of a patient. In fact, the *Hytha* opinion, in discussing the Supreme Court of Ohio's holding in *Weis v. Weis* that hospital records and physician office records may be admissible, noted that "[s]uch a hospital or physician's office record may properly include case history, diagnosis by one qualified to make it, condition and treatment of the patient covering such items as temperature, pulse, respiration, symptoms, food and medicines given, analysis of the tissues of fluids of the body and the behavior of *and complaints made by the patient * * *.*" (Emphasis added.) *Hytha* at 482, quoting *Weis v. Weis*, 147 Ohio St. 416, 425 (1947). As such, we cannot take the view that the factor stated from the syllabus is an accurate statement of the law as written in the opinion.

{¶10} YRC directs us to the medical record from Dr. Gebel which determined, in part, that Mr. Somerick had "a typical post[-]concussive syndrome with headaches, vertigo, irritability, and mild cognitive impairment." YRC identifies the statement in the medical record from Dr. Miller noting the Mr. Somerick "complains of daily headaches * * *. Has dizziness with standing.

Describes as a pressure in the forehead." YRC further points to the medical record from Dr. Pluskota which noted "headache yes, 3-4 times a week. no sleep disturbance. memory loss yes. some difficulty w/memory." Likewise, YRC points to the medical record from Dr. Soderstrum that describes the health-related complaints reported by Mr. Somerick and notes that "Mr. Somerick had had symptoms consistent with post-concussion syndrome for two years * * *.

{¶11} Even if we were to accept YRC's statement of the law, there is no evidence that any diagnosis "rested solely upon the subjective complaints of the patient." *See Hytha* at syllabus. The records from Dr. Gebel, Dr. Miller, Dr. Pluskota, and Dr. Soderstrum all indicate that they performed examinations of Mr. Somerick, and discuss said examinations. We cannot conclude that any diagnosis was based solely on subjective complaints. In addition, even if we could conclude the trial court had erred, YRC has failed to establish that they were materially prejudiced.

{¶12} YRC further argues the trial court erred in admitting the records into evidence because: 1.) the diagnosis of post-concussion syndrome was not based on well-known and accepted objective testing and examining practices and procedures; 2.) the diagnosis was not made by a qualified person; and 3.) the evidence was not competent and relevant.

{¶13} At the commencement of trial, YRC specifically made its objection to the medical records of the non-testifying physicians, stating that for the evidence to have met the requirements for a hearsay exemption under *Hytha*, the diagnosis could not be based solely on the subjective complaints of the patient. Specifying grounds for an objection commits the party to that basis for the objection. *State v. Reed*, 9th Dist. Summit No. 18076, 1997 WL 537660, *3 (Aug. 20, 1997). "When a party makes a specific objection to the admission of evidence, '[that party] waives all other objections and cannot assert them on appeal.'" *Id.*, quoting *State v. Smith*, 63 Ohio App.3d 71, 77 (11th Dist.1989). Because YRC stated a specific objection at trial, it has waived the

different grounds for objection argued on appeal. *See State v. Haendiges*, 9th Dist. Lorain No. 96CA006558, 1998 WL 103349, *5 (Feb. 25, 1998). *See also Merchants & Mfrs. Ins. Co. v. Lauderdale*, 9th Dist. Summit No. 11557, 1985 WL 4650, *3 (Dec. 18, 1985).

{¶14} YRC's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE DOCUMENTS AND TESTIMONY REFERRING TO THE UNDERLYING ADMINISTRATIVE PROCEEDINGS BECAUSE SUCH REFERENCES WERE IRRELEVANT, MISLEADING, CONFUSING, AND PREJUDICIAL.

{¶15} In its second assignment of error, YRC argues the trial court erred by admitting into evidence documents and testimony referring to the underlying administrative proceedings. We disagree.

{¶16} Specifically, YRC identifies two C-9 forms completed by Dr. Mark Pluskota on August 30, 2016, requesting an initial evaluation with Dr. Deanna Frye and a vestibular evaluation with Edwin Shaw, and a C-9 form completed by Dr. Frye on March 5, 2018, requesting neuropsychological testing, all of which were denied. YRC argues that these forms were improperly admitted as irrelevant evidence pertaining to the underlying administrative proceedings, and contends they were misleading and confusing for the jury because they addressed the issue of "treatment" rather than the issue of whether a workers' compensation claim should be allowed for "post-concussion syndrome."

{¶17} With regard to Dr. Frye's C-9, admitted as part of Plaintiff's Exhibit 2, YRC did not object to the admission of the exhibit, and therefore their argument has been waived. Failure to object at the trial court level, when the issue is apparent at that time, constitutes a forfeiture of that issue, and therefore the issue need not be heard for the first time on appeal. *State v. Awan*, 22 Ohio St.3d 120 (1986) syllabus.

{¶18} With regard to Dr. Pluskota's C-9 that requested an initial evaluation with Dr. Deanna Frye, Mr. Somerick argued that it was responsive to testimony asking why his client waited so long to get treatment. The trial court admitted the exhibit, noting that there had been "a lot of testimony in this trial about why this didn't get done, when it got done." Likewise, with regard to Dr. Pluskota's C-9 that requested a vestibular evaluation with Edwin Shaw, Mr. Somerick argued that it was relevant "to the issue of balance, vertigo, post-concussion syndrome." The trial court also admitted this exhibit, noting to the trial counsel for YRC:

> But you are referring to the jury that he is malingering with this delay because there was a final order that he's going to schedule these things and he did not. Then you're making that point to the jury almost as if that's part of the malingering process, that he could have had that scheduled and he didn't. There is some – I think there some [sic] argument by you about when they – when he actually scheduled it and why it took so long for him to schedule it because he couldn't schedule it before. And there's a lot of testimony about that so I think the C-9 that talks about denial, things related to post-concussion syndrome, should go back to the jury.

{¶19} We find no abuse of discretion in the trial court's decision to admit the form in question into evidence. The transcript indicates these particular C-9 forms were admitted, while others were excluded, because they were responsive and relevant to testimony elicited and arguments made by YRC. YRC provides this Court with no argument or evidence to the contrary. Furthermore, YRC has failed to show material prejudice.

{¶20} We note that YRC's additional argument with regard to comments made by opposing counsel in his closing argument is not supported by law. It is well-established that closing arguments are not evidence. *See State v. Thomas*, 9th Dist. Summit No. 22340, 2005–Ohio–4265, ¶ 26.

{¶21} YRC's second assignment of error is overruled.

III.

{¶22}  YRC's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

SCOTT W. MCKINLEY, and CHRISTOPHER P. AEMISEGGER, Attorneys at Law, for Appellant.

MARIO GAITANOS and PETER GAITANOS, Attorneys at Law, for Appellee.